UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| J.W. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  1:24-cv-00175-ACL |
| ) | |
| DUNKLIN COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff J.W. Taylor's application to proceed in district court without prepaying fees and costs. Based on the financial information provided in the application, the application will be granted. However, on initial review, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

Because the Court has granted plaintiff's application to proceed in district court without prepaying fees and costs, his complaint is subject to review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented

plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff, who is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center, brings this civil rights action under 42 U.S.C. § 1983 against the Dunklin County Sheriff's Office and an unknown Nurse at Hayti Hospital.[1] Plaintiff has not indicated whether he is suing defendants in their official or individual capacities.

Plaintiff's case arises out of a hospitalization on either August 27, 2023 or September 27, 2023. He states that he was tazed by an unnamed officer with the Dunklin County Police

---

[1] In his caption, plaintiff lists as defendants "Dunking [sic] County, State Missouri," and "Hayti Hospital." In the body of the complaint, he lists as defendant 1 "Dunclan [sic] County Sheriff's Office" and as defendant 2 "Nurse Hayti Hospital." Liberally construed, the Court will consider his claims to be against defendants Dunklin County Sheriff's Office and an unknown Nurse at Hayti Hospital.

Department. He was then transported to Hayti Hospital where he was restrained in a hospital bed. An unnamed officer ordered a nurse to insert into plaintiff's bladder a urinary catheter, which plaintiff had refused. Plaintiff has not alleged why he required catheterization or whether it was necessary or advised for medical purposes. Plaintiff states that he felt his rights were violated and he was abused physically. When asked what relief he seeks, plaintiff left this portion of the complaint form (Section IV) blank.

## Discussion

To survive initial review, plaintiff must meet the pleading standards required by the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(h). The PLRA requires that a prisoner show either a physical injury or the commission of a sexual act to bring a federal civil claim. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ."). The Eighth Circuit requires more than a de minimis physical injury. For example, the Eight Circuit has held that short-term pain or soreness are de minimis and do not meet the standard of a physical injury. *See, e.g.*, *Andersen v. Carver Cty Sheriffs Office*, No. 22-cv-3137 (KMM/DLM), 2024 WL 3493876, * 6 (D. Minn. Jul. 22, 2024) (citing *Wertish v. Krueger*, 433 F.3d 1062, 1067 (8th Cir. 2006) ("less-than-permanent aggravation of a prior shoulder condition" is de minimis) and *Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) (soreness is de minimis)).

Here, plaintiff states his injuries were "fe[eling] disrespected and violated of my rights and abused physically." ECF No. 1 at 4. Although he states in a conclusory fashion that he was abused physically, he has not alleged any physical injury. For example, he does not assert that the catheter was improperly placed or that it caused him any damage. Nor does he allege defendants used force

maliciously or sadistically for the purpose of causing him harm. *See, e.g.*, *Levine v. Roebuck*, 550 F.3d 684, 689-90 (8th Cir. 2008). Plaintiff alleges only emotional injuries arising out of catheterization. Thus, he has not met the pleading standards required under the PLRA. The Court will dismiss plaintiff's claims for failure to state a claim upon which relief may be granted.

Additionally, plaintiff's claims against the Dunklin County Sheriffs Office must be dismissed because it is a department or subdivision of local government, and not a juridical entity, suable as such. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *see also De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

For these reasons, on initial review, the Court will dismiss plaintiff's claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRATED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants the Dunklin County Sheriffs Office and the unknown Nurse at Hayti Hospital are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 16th day of April, 2025.

                                            HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE